UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

MARTHA BROWN, Guardian of                                    PLAINTIFF
Ora Nell Kelly, an incapacitated person


v.                                           CIVIL ACTION NO. 3:08CV-580-S


SUN HEALTHCARE GROUP, INC., et al.                           DEFENDANTS


**MEMORANDUM OPINION AND ORDER**


This matter is before the court on motion of the plaintiff, Martha Brown, Guardian of Ora Nell Kelly, to remand the action to the Jefferson County, Kentucky, Circuit Court.

The complaint alleges negligence in the care of Ora Nell Kelly while she was a resident at Louisville Rehabilitation and Nursing Center from December 23, 2006 until November 9, 2007. In her complaint, which delineates numerous acts and omissions allegedly causing Kelly injury, she cites various state and federal regulations.

The defendants, Sun Healthcare Group, *et al.* (collectively "Sun Healthcare" herein), removed the action to this court urging that (1) Joseph Garrett, a Kentucky resident, was fraudulently joined, and (2) that the complaint states a federal question, or an "'embedded federal question,' because Plaintiff's claims under KRS § 216 and the basis for her allegations of negligence 'are state law claims that implicate significant federal issues.' *Grable & Sons Metal Products, Inc. v. Darue Engineering & Mfg.*, 545 U.S. 308, 314 (U.S. 2005)." Notice of Removal, p. 4, ¶ 8. This identical argument was made to the court by SunBridge Healthcare Corporation, *et al.*, in *Davis v. SunBridge Healthcare Corp.*, Civil Action No. 3:08CV-253-S, and most recently in *Gaddie v. SunBridge Healthcare Corp., et al.*, Civil Action No. 3:08CV-255-S. This motion requires an identical

disposition to *Gaddie*, with the inclusion of additional authority addressing the issue of fraudulent joinder.

Despite Sun Healthcare's attempts to articulate federal questions in its notice of removal and responsive memorandum, the court finds this case to be factually and legally indistinguishable from *Shawver v. Bradford Square Nursing, LLC*, No. 3:08-13-DCR, *Rudd v. Advocat, Inc.*, No. 08-53-HRW, decisions from the Eastern District of Kentucky and our own decision in *Davis, supra.*. This court concludes that there are no embedded federal claims in this complaint. The plaintiff has recited federal statutes and regulations in connection with the relevant standard of care applicable to the claims of negligence.

Only when a federal question, embedded or otherwise, can be found on the face of a well-pleaded complaint can federal question jurisdiction be found. *Caterpillar Inc. v. Williams*, 482 U.S. 386 (1987). The removing party bears the burden of demonstrating federal jurisdiction, and all doubts should be resolved against removal. *Harnden v. Jayco, Inc.*, 496 F.3d 579, 581 (6th Cir. 2007), *citing, Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 549-50 (6th Cir. 2006).

Sun Healthcare suggests that the references to federal statutes and regulations in the complaint implicate a series of questions which must be answered, and, in turn, requires interpretation of federal statutes and regulations. These supposed matters of federal law alleged to be implicated or embedded in the state law claims are mere constructs of the defendants. We decline to permit the defendants to incarnate a federal case from claims clearly grounded in state law. Even after *Grable*, the plaintiff remains the master of her complaint. *See, Alexander v. Electronic Data Systems Corp*, 13 F.3d 940, 943 (6th Cir. 1994). Until a superior court instructs otherwise, we read *Grable* to be confined to its facts, and find its holding inapplicable here.

Having found itself with the weight of authority from this and other courts favoring remand, Sun Healthcare also urges that Joseph Garrett, a Kentucky resident, was fraudulently joined to defeat diversity jurisdiction and therefore the court should find that it has diversity jurisdiction over this action.

Sun Healthcare pled in its removal papers that the parties are diverse, but for Garrett, that Garrett was fraudulently joined, and that the amount in controversy exceeds $75,000.00. It urges that no recovery may be had against Garrett. It acknowledges that a colorable claim might be made against him for common law negligence, *citing, Lindsey v. Kentucky Medical Investors, Ltd.*, 2005 WL 2281607 (E.D.Ky. Sept. 19, 2005) (*Murphy v. EPI Corp.*, 2004 WL 405754 creates potential liability on behalf of nursing homes as well as their administrators for injuries sustained by residents). However, Sun Healthcare contends that no claim can be stated against Garrett because he was not the Administrator of Louisville Rehabilitation and Nursing Center at any time during Kelly's residency there.

Garrett states in his affidavit that he was the Administrator from March 20, 2006 until October 26, 2006 when he became the Regional Director of Operations of Harborside Healthcare Mid-America North. Garrett Aff., ¶¶ 2, 3. He states that Lisa Tetrick replaced him as Administrator during the entirety of Kelly's residency. *Id.*, ¶ 14. Garrett executed this affidavit in December of 2008. The defendants' answer filed in October of 2008 denied in paragraph 12 that Joseph Kelly was an Administrator of the facility during Ora Kelly's residency. This is consistent with Garret's December affidavit.

The plaintiff makes much of the fact that paragraph 13 of the answer admits that Lisa Tetrick was an Administrator during *a portion* of Kelly's residency, yet Garrett's affidavit executed two months later states that Tetrick was the Administrator during *the entirety* of Kelly's stay. This

discrepancy does not call into question the assertion in both the answer and affidavit that the Administrator during Kelly's residency was not Garrett.

The plaintiff has provided copies of a licensure document and two complaint investigation reports which identify Garrett as the Administrator of the facility during the period in question. These forms are unaccompanied by an affidavit. They are unsigned, unsworn, and unauthenticated. The plaintiff has not identified their source, and it is not readily apparent from the face of the documents. Sun Healthcare insists that to consider this evidence amounts to "form over substance" and attempts in a footnote to explain that complaint forms are prepared by a social worker for the Cabinet for Families and Health Services and the listing of Garrett as Administrator was erroneous. This explanation is, however, also not supported by any documentation or affidavit. While we have no reason to doubt the veracity of counsel in proffering the explanatory footnote, this is not evidence in the case, but rather argument of counsel.

The court is faced with opposing information concerning who was Administrator of the facility. Garret says he was not the Administrator, yet the licensure document apparently states that he was. Additional documents purportedly created contemporaneously with Kelly's residency at the facility also identify him as Administrator. Sun Healthcare has not disputed that these later documents are what they purport to be - complaint investigation reports which list these complaints as occurring on Garrett's watch. Both premises cannot be correct. Sun Healthcare, the party who bears the burden on this issue, has failed to provide a basis by which the court can conclusively resolve these divergent pieces of evidence. The plaintiff, in her quest to join those potentially liable defendants, discovered the licensure document and other reports which identify Garrett. Yet the court is uncertain as to the usefulness of these documents as their reliability has not been shown.

- 4 -

The burden of establishing fraudulent joinder is on Sun Healthcare. The burden is rigorous, inasmuch as this court must resolve "all disputed questions of fact and ambiguities in the controlling...state law in favor of the non-removing party." *Brewer Machine & Conveyor Manufacturing, Co., Inc. v. Old National Bank*, 248 F.R.D. 478, 482 (W.D.Ky. 2008), *quoting, Alexander v. Electronic Data Systems Corp.*, 13 F.3d 940, 949 (6th Cir. 1994). We therefore decline to remand the case at this juncture, but will permit the parties a period of time in which to attempt to garner sufficient evidence to conclusively establish whether Garrett was the Administrator of Louisville Rehabilitation and Nursing Center during Kelly's residency.[1]

For the reasons set forth herein and the court being otherwise sufficiently advised, **IT IS HEREBY ORDERED AND ADJUDGED** that the motion of the plaintiff, Martha Brown, Guardian of Ora Nell Kelly, to remand (DN 7) is **HELD IN ABEYANCE**, and the parties are granted **thirty (30) days** in which to conduct limited discovery and supplement their briefs with any further evidence concerning the identity of the Administrator of Louisville Rehabilitation and Nursing Center during the relevant time period. Upon the expiration of the thirty-day period, the court will make final disposition of the motion to remand.

**IT IS SO ORDERED this 30th day of March, 2009.**

ENTERED BY ORDER OF COURT:
CHARLES R. SIMPSON III, JUDGE
UNITED STATES DISTRICT COURT
By  Nadine C. Smith,Deputy Clerk

---

[1]The plaintiff urges that she has a colorable claim against Garrett even if he was no longer the Administrator of the facility when Kelly resided there, but was instead promoted to Director of Operations of Harborside Healthcare Mid-America North. Liability of Administrators may be premised upon the "duty to take reasonable precautions to protect those who are unable to protect themselves...[The facility's] knowledge of the condition of its residents creates a concomitant duty much like that of a hospital to safeguard residents against reasonably foreseeable risks of harm." *Murphy v. EPI Corp.*, 2004 WL 405754, *3 (Ky.App. March 5, 2004), *quoting, Shepher v. Mielke*, 877 P.2d 220, 223 (Wash.App. 1994). There is nothing in this authority to suggest that an individual with no direct involvement with the facility could be found liable under this rationale.