UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

MARTHA BROWN, Guardian of
Ora Nell Kelly, an incapacitated person                                              PLAINTIFF

v.                                                                          CIVIL ACTION NO. 3:08CV-580-S

SUN HEALTHCARE GROUP, INC., et al.                                                DEFENDANTS

## MEMORANDUM OPINION

On March 30, 2009, the court entered a memorandum opinion and order (DN 11) addressing the motion of the plaintiff, Martha Brown, Guardian, to remand this action to the Jefferson County, Kentucky, Circuit Court. The defendants, Sun Health Care Group, Inc., *et al.*, claimed that it had properly removed under our federal question jurisdiction, asserting that there were embedded federal questions, and under diversity jurisdiction, contending that Joseph Garrett, a Kentucky resident, had been fraudulently joined. The court ruled that there were no embedded federal questions and that there had been inconclusive evidence offered to establish whether Joseph Garrett was the Administrator of Louisville Rehabilitation and Nursing Center at the time Ora Nell Kelly was a resident. The courted order the motion to remand held in abeyance pending a period of limited discovery and supplemental briefing with respect to Garrett's employment. Since that time, a number of motions have been filed.

I.

Brown has moved to voluntarily dismiss the defendant, Joseph Garrett. As there is no objection, the motion will be granted.

- 2 -

II.

On April 24, 2009, the plaintiff filed a motion for leave to amend the complaint to name four additional defendants, Roxanne Eubanks, Dena Myer, Tabitha Hamilton, and Matt Wade. Tabitha Hamilton and Matt Wade are Kentucky residents.

The defendants urge that Brown seeks to add these defendants solely to destroy diversity, and thus the amendment should not be permitted. The affidavit of plaintiff's counsel and accompanying documents indicate that on September 15, 2008, counsel wrote to the Cabinet for Health and Family Services requesting all documents related to Ora Nell Kelly pursuant to the Kentucky Open Records Act. It was not until April 15, 2009 that a copy of the report of investigation into the care of Ms. Kelly was received. It found allegations of neglect of Ms. Kelly to be substantiated. The specific details in the report permitted the identification of Ms. Kelly's caregivers and their alleged actions on an occasion when she was injured at the facility. The motion for leave to amend was filed promptly upon receipt of the Cabinet report. Thus the record evidence militates against a finding that Brown should be precluded from amending her complaint.

The defendants contend that amendment would be futile as the one year statute of limitations for personal injury actions has expired. In this instance, we have a plaintiff who was incompetent during her residency at the facility and remains incompetent. The appointment of a guardian, Martha Brown, did not, under Kentucky law, remove the disability, and the statute of limitations for bringing claims against these defendants was tolled pursuant to KRS 413.170(1) which states, in pertinent part, that "[i]f a person entitled to bring any action mentioned in KRS 413.090 to 413.160...was, at the time the cause of action accrued...of unsound mind, the action may be brought within the same number of years after removal of the disability or death of the person, whichever happens first, allowed to a person without the disability to bring the action after the right accrued." Therefore, the claims against these defendants were tolled during the time while she was a resident and thereafter. Ms. Kelly remains incompetent. The statute of limitations did not begin to run any

earlier than October 1, 2008, the time of the filing of the action on her behalf, and the commencement of discovery into these claims.[1]  KRS 413.170(1) permits an action to be brought within one year of the removal of the disability.  Thus the filing of an amended complaint in April, 2009 naming these defendants was well within the one year.

In determining whether to permit joinder of non-diverse parties under 28 U.S.C. § 1447(e) after the action has been removed to federal court, the court is required to consider

> (1) the extent to which the purpose of the amendment is to defeat federal jurisdiction; (2) whether the plaintiff has been dilatory in seeking amendment; (3) whether the plaintiff will be significantly prejudiced if amendment is not allowed; and (4) any other equitable factors.

*Bridgepointe Condominiums, Inc. v. Integra Bank National Association*, 2009 WL 700056 W.D.Ky. March 13, 2009).  The court has determined that the evidence does not favor a conclusion that the amendment is intended solely to defeat jurisdiction.  While it is clear that the plaintiff wishes to return to state court, we do not find that the motion to amend was generated solely for that purpose. We do not find that Brown has been dilatory in seeking to add these defendants.  The claims having been tolled, they are being pursued in a timely manner against these defendants.  The record makes clear that the Kentucky Cabinet for health and Family Services failed to provide the information upon which the amendments to the complaint are based until April of 2009.  The court concludes under these considerations that the joinder of the non-diverse parties should be permitted. The motion for leave to amend the complaint will therefore be granted.

---

[1] We need not decide, for purposes of this opinion, whether the commencement of an action against some but not all potential defendants commences the running of the statute of limitations against those not originally named in the suit.  The matter has not been briefed by the parties.  However, as the motion for leave to amend was made within one year of the date of filing of the suit, we need not delve further into this issue.

- 4 -

III.

The plaintiff has also filed a supplemental motion to remand on the ground that the addition of the non-diverse defendants destroys complete diversity and thus divests this court of jurisdiction. We agree and will remand the action to state court.  *See, Bridgepointe Condominiums, supra.* at *4.

A separate order will be entered this date in accordance with this opinion.

**IT IS SO ORDERED.**

August 12, 2009

**Charles R. Simpson III, Judge
United States District Court**